UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

RICHARD F. PAYNE; SHELBY H.
PAYNE, on behalf of themselves and
all other persons similarly situated,
　　　　　*Plaintiffs-Appellees,*

　　　　　v.

MERRILL LYNCH, PIERCE, FENNER AND
SMITH, INCORPORATED, a Delaware
Corporation,

　　　　　*Defendant-Appellant.*

No. 02-2291

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-00-2012-PJM)

Argued: May 7, 2003

Decided: August 14, 2003

Before WIDENER, MICHAEL, and GREGORY, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Glenn Richard Reichardt, KIRKPATRICK & LOCK-
HART, L.L.P., Washington, D.C., for Appellant. Joseph N. Kravec,
Jr., SPECTER, SPECTER, EVANS & MANOGUE, P.C., Pittsburgh,
Pennsylvania, for Appellees. **ON BRIEF:** Rebecca L. Kline, KIRK-

PATRICK & LOCKHART, L.L.P., Washington, D.C., for Appellant. Bernice L. Latou, LAW OFFICES OF BERNICE LATOU, P.A., Glen Burnie, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Merrill Lynch, Pierce, Fenner & Smith Incorporated (Merrill Lynch) challenges the remand to state court of two cases filed by Richard and Shelby Payne (the Paynes) in the Circuit Court for Montgomery County, Maryland, and the U.S. District Court for the District of Maryland, respectively. Because we conclude that the two cases should not have been considered as a single, consolidated case for purposes of determining whether to remand, we return the matter to the district court for further proceedings consistent with this opinion.

### I.

The procedural history of the two cases is complicated. On May 25, 2000, the Paynes filed a class action complaint in the Circuit Court for Montgomery County against Merrill Lynch on behalf of themselves and all other persons similarly situated. The complaint alleged various state common law claims related to investments, including the purchase of mutual funds, that the Paynes had made and that were held in custodial accounts, including Roth Individual Retirement Accounts (IRAs), for which Merrill Lynch served as custodian. On June 30, 2000, Merrill Lynch removed the Paynes' state class action (the removed case) to the U.S. District Court for the District of Maryland, asserting the removal provisions of the Securities Litigation Uniform Standards Act of 1998 (SLUSA), 15 U.S.C. § 78bb(f) et seq., and diversity jurisdiction as the grounds for removal. Merrill Lynch cited SLUSA as a ground for removal on the theory that the

Paynes' claims rested on allegations of fraud, misrepresentation, and omissions on the part of Merrill Lynch in connection with the purchase of "covered securities" as defined in SLUSA. The Paynes did not challenge the removal. Instead they amended the removed case to add a federal securities law claim under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and its implementing regulation, Rule 10b-5, 17 C.F.R. § 240.10b-5. The Paynes also filed a separate class action (the federal case) in U.S. District Court in Maryland, alleging state and federal claims identical to those in the amended complaint in the removed action. At the request of the parties, the district court consolidated the two cases.

On September 12, 2000, Merrill Lynch moved, under Fed. R. Civ. P. 9(b) and 12(b)(6), to dismiss the federal and state law claims asserted in the Paynes' consolidated action. Specifically, Merrill Lynch argued that the Paynes' state law claims were preempted and barred by SLUSA. Merrill Lynch also argued that, like the Paynes' federal securities law claim, the state law claims should be dismissed because the Paynes had ratified Merrill Lynch's conduct by failing to object in a timely manner to the transactions that were the subject of those claims and because the Paynes had failed to state claims upon which relief could be granted. Merrill Lynch also argued that the Paynes' federal securities law claim was time-barred. On February 20, 2002, the district court dismissed all of the Paynes' federal and state law claims. The district court dismissed the federal securities law claim on the grounds that it was barred by the applicable statute of limitations; that the complaint failed to allege that Merrill Lynch omitted or misstated material facts; that the suit did not involve covered securities; and that the Paynes had ratified Merrill Lynch's conduct. The district court also dismissed the Paynes' state law claims on ratification grounds. In dismissing the Paynes' state law claims, the district court expressly declined to reach Merrill Lynch's SLUSA preemption argument.

On March 6, 2002, the Paynes moved under Fed. R. Civ. P. 59(e) for reconsideration of the district court's dismissal of their state law claims on the grounds that documents provided to the district court after the hearing on the motion to dismiss raised factual issues regarding Merrill Lynch's ratification defense. The Paynes submitted five letters they had written to Merrill Lynch showing that they had timely

complained about the transactions at issue. The Paynes also asked the district court to remand their state law claims to state court. The Paynes did *not* challenge the district court's dismissal of their federal securities law claim. Merrill Lynch agreed that in light of the factual issues raised by the documents provided to the district court, it would not rely on ratification as a ground for dismissal as a matter of law of the Paynes' state law claims. Merrill Lynch did, however, oppose the Paynes' motion for reinstatement and remand of their state law claims on the ground that those claims were preempted and should be dismissed with prejudice under SLUSA. In the alternative, Merrill Lynch argued that the district court should exercise its supplemental jurisdiction and dismiss the state law claims. On October 1, 2002, the district court granted the Paynes' motion for reconsideration and remand. The district court concluded that with ratification eliminated as a defense, the state claims should be reinstated. The district court then treated the consolidated cases as one action and declined to exercise supplemental jurisdiction over the Paynes' state law claims. The district court noted that SLUSA was no longer available as a basis for jurisdiction in light of its earlier determination that "the suit does not involve a 'covered security.'" J.A. 530 n.4. The district court also noted that the amount in controversy, less than $1,000, was insufficient to allow diversity jurisdiction. After suggesting that it *might* be obliged to remand under SLUSA's remand provisions, the district court concluded that "in the exercise of its discretion to accept or decline supplemental jurisdiction despite the dismissal of the federal claim, [the court] will decline jurisdiction." J.A. 531 (internal citation omitted). Merrill Lynch now appeals.

## II.

As a preliminary matter we must satisfy ourselves that we have jurisdiction to hear this appeal. *Betty B. Coal Co. v. Director, OWCP*, 194 F.3d 491, 495 (4th Cir. 1999). Appellate review of remand orders is limited by 28 U.S.C. § 1447(d). That provision states that "[a]n order remanding a case to the State Court from which it was removed is not reviewable on appeal." This circuit, in keeping with Supreme Court precedent, interprets § 1447(d) as providing that "where the order is based on one of the enumerated grounds [i.e., lack of subject matter jurisdiction], review is unavailable no matter how plain the legal error in ordering the remand." *Severonickel v. Gaston Reyme-*

*nants*, 115 F.3d 265, 268-69 (4th Cir. 1997) (internal quotation marks and citation omitted). Appellate review of remand orders is permitted, however, when it is clear from the language of the district court that the court was remanding not because it believed it lacked subject matter jurisdiction over the removed action, but because it thought it had subject matter jurisdiction *and* the discretion to decline to exercise it. *See Jamison v. Wiley*, 14 F.3d 222, 233 (4th Cir. 1994). In this case the court specifically noted that "[w]hether to remand the state claims is not an altogether easy call. . . . *All things considered*, therefore, the Court . . . will REMAND the case to [state court]." J.A. 531-32 (emphasis added). The district court's opinion shows that the court, having dismissed the Paynes' federal claim, believed it had the discretionary authority to exercise supplemental jurisdiction over the remaining state law claims. The district court, therefore, did not order remand because it believed that it lacked subject matter jurisdiction. Under such circumstances, we have jurisdiction to review the district court's remand decision. *Cf. Green v. Ameritrade, Inc.*, 279 F.3d 590, 594-95 (8th Cir. 2002) (reviewing remand of state law claims not preempted by SLUSA under 28 U.S.C. § 1367).

## III.

This case presents a rather unusual situation. The district court did not distinguish between the removed case and the federal case, but simply treated the two (consolidated) cases as a single unit, for purposes of remand. *See* J.A. 531 ("[S]ince the Paynes' second case was consolidated with the present removed case, the non-remandability of the consolidated case is an academic point."). "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933). A case originally filed in federal court cannot be remanded to state court. *See First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461 (6th Cir. 2002). It follows then that "while a district court has the discretion to remand a case removed from state court, it may not remand a case that was never removed from state court, even though the two cases have been consolidated for purposes of convenience and administration." *Id.* at 467-68. *See also Bradgate Assocs., Inc. v. Fellows, Read & Assocs., Inc.*, 999 F.2d 745, 750-51 (3rd Cir. 1993). Thus, the district court should have addressed the propriety of remanding the two cases — the

removed case and the federal case — independently. To the extent that the district court remanded the Paynes' federal case to state court, that remand was in error. *See First Nat'l Bank of Pulaski*, 301 F.3d at 467-68. And it is not clear from the district court's order what it would have done with the removed case if it had been determining the propriety of remand as to that case alone. (When "determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the removal petition was filed*. Jurisdiction is based on the complaint as originally filed and not as amended." *Abada v. Charles Schwab & Co., Inc.*, 300 F.3d 1112, 1117 (9th Cir. 2002) (internal quotation marks and citation omitted).) The district court noted that it did not have subject matter jurisdiction over the state claims based on SLUSA preemption or diversity jurisdiction — the two bases asserted by Merrill Lynch for removal — but the court did not base its remand order on these grounds. (Had it done so, that order would not be reviewable on appeal. *See Severonickel*, 115 F.3d at 268-69.) We thus vacate the district court's remand order and remand for the district court to decide (1) as to the federal case, whether (a) to decline supplemental jurisdiction over the Paynes' state law claims and dismiss the claims without prejudice or (b) to consider the claims on the merits pursuant to 28 U.S.C. § 1367; and (2) as to the removed case, whether to remand to state court.

## IV.

In light of the foregoing, we vacate the district court's remand order and remand the matter to the district court for further proceedings consistent with this opinion.

*VACATED AND REMANDED*