**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-1084**

---

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND,

Petitioner - Appellee,

versus

PATRICK J. MUHAMMAD,

Respondent - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (1:05-cv-03144-MJG)

---

Submitted: August 31, 2006      Decided: October 3, 2006

---

Before WILLIAMS, GREGORY, and SHEDD, Circuit Judges.

---

Dismissed in part; affirmed in part by unpublished per curiam opinion.

---

Patrick J. Muhammad, LAW OFFICES OF PATRICK MUHAMMAD, Baltimore, Maryland, for Appellant. J. Joseph Curran, Jr., Attorney General of Maryland, Gary W. Kuc, Assistant Attorney General, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Patrick J. Muhammad appeals the district court's order remanding the attorney disciplinary petition filed against him by the Maryland Attorney Grievance Commission ("AGC") to the Maryland Court of Appeals. The district court granted the AGC's motion to remand the petition after finding no basis for removal under 28 U.S.C. §§ 1441, 1442, or 1443 (2000).

Pursuant to 28 U.S.C. § 1447(d) (2000), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 . . . shall be reviewable . . . ." The Supreme Court has limited § 1447(d) to insulate from appellate review only those remand orders based on the grounds specified in 28 U.S.C. § 1447(c) (2000): a defect in the removal procedure and a lack of subject matter jurisdiction. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-12 (1996) (instructing that § 1447(c) and (d) must be read in conjunction with one another). Thus, because the district court concluded it lacked subject matter jurisdiction under §§ 1441 and 1442, that portion of the remand order is not subject to appellate review. Severonickel v. Gaston Reymenants, 115 F.3d 265, 266-69 (4th Cir. 1997); Mangold v. Analytic Servs., Inc., 77 F.3d 1442, 1450 (4th Cir. 1996); Noel v. McCain, 538 F.2d 633, 635 (4th Cir. 1976). Accordingly, to the

- 2 -

extent Muhammad challenges the district court's jurisdictional determination under §§ 1441 and 1442, his appeal is dismissed.

The district court's conclusion that removal was also improper pursuant to § 1443 is reviewable, however. 28 U.S.C. § 1447(d). After a thorough review of the record and the district court's order, we find no reversible error; accordingly, we affirm this portion of the district court's order on the reasoning of the district court. See Attorney Grievance Comm'n of Maryland v. Muhammad, No. 1:05-cv-03144-MJG (D. Md. Jan. 19, 2006). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART