**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-2292**

EILEEN CHU HING,

                    Plaintiff - Appellant,

          v.

GLENN F. HING,

                    Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. Terrence W. Boyle,
District Judge. (5:08-cv-00210-BO)

Submitted: January 15, 2009          Decided: January 21, 2009

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Dismissed by unpublished per curiam opinion.

Eileen Chu Hing, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff-appellant Eileen Chu Hing filed a complaint for divorce in Pennsylvania state court. Hing subsequently removed the case to the Eastern District of North Carolina. Concluding that subject matter jurisdiction was lacking, the district court dismissed and remanded the action back to the state court. Hing moved for reconsideration pursuant to Fed. R. Civ. P. 59(e), and the district court denied the motion. Hing filed a timely appeal. For the reasons that follow, we dismiss the appeal.

Pursuant to 28 U.S.C. § 1447(d) (2006), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 . . . shall be reviewable . . . ." The Supreme Court has limited § 1447(d) to insulate from appellate review those remand orders based on the grounds specified in § 1447(c): a defect in the removal procedure and a lack of subject matter jurisdiction. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-12 (1996). Because the district court concluded that it lacked subject matter jurisdiction under § 1441, its remand order is not subject to appellate review. See Severonickel v. Gaston Reymenants, 115 F.3d 265, 266-69 (4th Cir. 1997); Mangold v. Analytic Servs., Inc., 77 F.3d 1442, 1450

(4th Cir. 1996); Noel v. McCain, 538 F.2d 633, 635 (4th Cir. 1976). Moreover, having determined that subject matter jurisdiction over Hing's case was lacking, the district court was without jurisdiction to consider Hing's motion to reconsider. See In re Lowe, 102 F.3d 731, 734-35 (4th Cir. 1996). Accordingly, we dismiss the appeal. We also deny Hing's motion for a transcript at government expense. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED