**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-2298**

STATE OF NORTH CAROLINA,

                    Plaintiff - Appellee,

          v.

LORRAINE BLACKWELL LEWIS,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:12-cr-00316-TDS-1)

Submitted:  January 17, 2013        Decided:  January 22, 2013

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Lorraine Blackwell Lewis, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff the State of North Carolina commenced a criminal prosecution against Defendant Lorraine Blackwell Lewis in North Carolina state court. Proceeding pro se, Lewis sought removal of the prosecution to the district court. Concluding that removal of the prosecution was not warranted, the district court denied Lewis' removal request and remanded the case to state court. Lewis noted an appeal. We dismiss in part and affirm in part.

In the removal notice and memorandum supporting removal, Lewis cited to 28 U.S.C.A. § 1441(a) (West 2006 & Supp. 2012), which grants removal jurisdiction to the district courts over certain "civil action[s]." Lewis, however, also complained that she could not be assured of fair proceedings in state court on account of various violations of state and federal law allegedly committed by the prosecution. Liberally construing Lewis' removal notice and supporting memorandum, Erickson v. Pardus, 511 U.S. 89, 94 (2007), she also sought removal under 28 U.S.C. § 1443(1) (2006).

Under 28 U.S.C.A. § 1447(d) (West 2006 & Supp. 2012), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to . . . [28 U.S.C. §] 1443 . . . shall be

2

reviewable." The Supreme Court has limited § 1447(d) to insulate from appellate review those remand orders based on the grounds specified in § 1447(c): a defect in the removal procedure or a lack of subject matter jurisdiction. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-12 (1996).

Lewis attempted to remove under § 1441(a) a legal matter falling within a class of cases Congress deemed non-removable under that provision. The district court thus lacked subject matter jurisdiction over Lewis' prosecution under § 1441(a), accord Ohio v. Doe, 433 F.3d 502, 506 (6th Cir. 2006) (concluding that the district court lacked "proper subject matter jurisdiction to hear" a matter that did not qualify as a "civil action" under 28 U.S.C.A. § 1442 (West 2006 & Supp. 2012)), and its remand ruling may be understood as based in part on the conclusion that it lacked subject matter jurisdiction over the prosecution under that provision. Accordingly, this portion of the ruling is not subject to appellate review. Severonickel v. Gaston Reymenants, 115 F.3d 265, 266-69 (4th Cir. 1997).

Under 28 U.S.C. § 1443(1), a criminal prosecution commenced in state court may be removed by the defendant to federal court when the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all

3

persons within the jurisdiction thereof." Removal under this provision, however, is limited to rare situations in which the defendant has been denied or cannot enforce the right to racial equality in the state courts. Georgia v. Rachel, 384 U.S. 780, 788 (1966); South Carolina v. Moore, 447 F.2d 1067, 1070 (4th Cir. 1971). We conclude after review of the record that this case does not implicate § 1443(1) because there is no indication that Lewis has been denied or cannot enforce the right to racial equality in the North Carolina state court system. Removal of the prosecution pursuant to § 1443(1) was not appropriate, and the district court properly rejected this effort.

Accordingly, we dismiss the appeal in part, grant leave to proceed in forma pauperis, deny Lewis' motion for calendar date, and affirm the district court's judgment in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>

4