## ST. PAUL & CHICAGO RAILWAY COMPANY *v.* McLEAN.

### IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Decided April 2d, 1883.

*Removal of Causes.*

Where, upon the removal of a cause from a State court, the copy of the record is not filed within the time fixed by statute, it is within the legal discretion of the federal court to remand the cause, and the order remanding it for that reason should not be disturbed unless it clearly appears that the discretion with which the court is invested has been improperly exercised.

If, upon the first removal, the federal court declines to proceed and remands the cause because of the failure to file the copy of the record within due time, the same party is not entitled, under existing laws, to file in the State court a second petition for removal upon the same ground.

This action was brought in the Court of Common Pleas for the city and county of New York by Samuel McLean, a citizen of that State, against the St. Paul and Chicago Railway Company, a corporation of the State of Minnesota. After answer, the action, upon the petition of the defendant, accompanied by a proper bond, was removed for trial into the Circuit Court of the United States for the Southern District of New York. The sole ground of removal was that the case presented a controversy between citizens of different States. The removal was had before the term at which the cause could have been first tried in the State court. The first day of the next session of the federal court succeeding the removal

was the 7th day of April, 1879. But the copy of the record from the State court was not filed in that court until April 10th, 1879, on which day, upon motion of the attorney for the company, an *ex parte* order was made, showing the filing of such copy, the appearance of defendant, and directing the action to proceed in that court as if originally commenced therein. Subsequently, April 14th, 1879, the plaintiff, upon notice to defendant, moved the court to remand the cause for failure of the defendant to file a copy of the record and enter its appearance within the time prescribed by statute. This motion was resisted upon the ground, supported by affidavit, that it was by inadvertence that the record was not filed in the federal court in proper time, and that counsel did not discover that fact until April 10th, 1879, when it was filed and notice thereof, on the same day, given to plaintiff's attorney. This motion to remand was granted by an order entered May 24th, 1879.

On the 28th of May, 1879, the company filed in the State court a second petition, accompanied by the required bond, for the removal of the action into the federal court upon the same grounds as those specified in its first petition. A copy of the record was promptly filed in the federal court, but the cause, upon motion of plaintiff, was again remanded by an order entered December 27th, 1879.

The present writ of error brought before this court both orders of the circuit court remanding the cause to the State court.

*Mr. C. W. Bangs* for the plaintiff in error.—I. The plaintiff in error assumes that only such parts of the decision of the circuit court are open to review upon the writ of error, in this court, as are adverse to the contention of the plaintiff in error (defendant below), and as are assigned as error, as hereinbefore stated in the foregoing assignments of error. Rule No. 21 U. S. Supreme Court, sec. 8; *Clark* y. *Killian,* 103 U. S. 766; *The Enterprise,* 2 Curtis, 317. The plaintiff below has sued out no writ of error, and cannot here k, heard to say that those portions of the decision of the court below which were contrary to the points taken by him as grounds for re-

manding the cause to the State court were, or are, erroneous. —II. The writ of error brings up for review the first order of the circuit court—that of May 24th, 1879—remanding the cause to the State court, as well as the order of December 27th, 1879; and the court will examine that as well as the other. A writ of error brings up the whole record, which is open to review in all its parts. *Bank of U. S.* v. *Smith,* 11 Wheat. 171; *Dred Scott* v. *Sanford,* 19 Howard, 393. Upon a writ of error to a State court, upon a final judgment there, entered upon a trial, after the refusal of the court to allow the removal of the cause to the United States court, such refusal of the State court may be reviewed; and the judgment vacated if the removal was improperly allowed. *The Removal Cases,* 100 U. S. 457; *Railroad Company* v. *Koontz,* 104 U. S. 5. The writ of error expressly includes the first order of May 23d, as well as the second, and was sued out in time as to the first order as well as the second. § 1008 Rev. Stat, It was duly allowed by the circuit judge, and is a matter of right when sued out in time. *United States* v. *Pacheco,* 20 How. 261; *Steamer Virginia* v. *West,* 19 id. 182. Such writs of error are expressly authorized by section 5 of the act of 1875. *Babbitt* v. *Clark,* 103 U. S. 606; *Railroad Company* v. *Koontz,* 104 U. S. 5.—III. The first remand was improperly ordered. The proceedings for removal were properly completed by the filing of the record as and when it was filed, and the case was thereby removed. The record being in fact filed within a reasonable time thereafter, the circuit court acquired jurisdiction of the cause and could have proceeded with it. This has been expressly held by this court in *Meyer* v. *Construction Company,* 100 U. S. 457, where the court says that "it nowhere appears that the circuit court is to be deprived of its jurisdiction, if by accident the party is delayed until a later day in the term," in filing the record. And also in *Railroad Company* v. *Koontz,* 104 U. S. 5. It has been repeatedly held that when a sufficient case for removal is made in the State court, its juris diction ends, and no order of the State court for the removal is necessary. *Hatch* v. *Chicago, Rock Island, &c., Railroad Company,* 6 Blatch. 105; *Fisk* v. *Union Pacific Railroad Company,*

8 Blatch. 243, 247; *Removal Cases,* 100 U. S. 457; *Kern* v. *Huidekoper,* 103 U. S. 485; *Railroad Company* v. *Koontz,* 104 U. S. 5.—IV. The first order of the circuit court remanding the cause to the State court for the reason stated, was not such an exercise of mere judicial discretion, or so entirely a matter of practice as to prevent the review of it by this court.—V. The failure to file the record in the circuit court on the first day of the term, was sufficiently excused. There was no intention not to file the record, or to waive the right of removal, or not to perfect it. The fact, to which the court below refers that the record had been certified ready to be filed, shows that the intention was that it should be filed when the proper time came. The failure to file it was an unintentional oversight, which was rectified as soon as discovered. It was within the cases of *Kidder* v. *Featteau,* 2 Federal Reporter, 616; *Meyer* v. *Construction Company,* 100 U. S. 457; and *Railroad Company* v. *Koontz,* 104 U. S. 5.—VI. The proceedings upon the removal taken in June, 1879, were in all respects regular, were taken in due time, and were fully completed by the filing of the record at exactly the proper time. The learned circuit judge held that " so far as the question of time is concerned, the new petition was filed in time under the act of 1875." That decision in that respect is not open to review here.

*Mr. D. M. Porter* for defendant in error.

MR. JUSTICE HARLAN delivered the opinion of the court. He recited the facts as above stated and said:

In *Removal Cases,* 100 U. S. 457, the court had occasion to construe the act of March 3d, 1875, determining the jurisdiction of circuit courts of the United States and regulating the removal of causes from State courts. We there said, speaking by the Chief Justice:

" While the act of Congress requires security that the transcript shall be filed on the first day, it nowhere appears that the circuit court is to be deprived of its jurisdiction, if by accident the party is delayed until a later day of the term. If the circuit court, for good cause shown, accepts the transfer after the day and during

the term, its jurisdiction will, as a general rule, be complete and the removal properly effected."

In reference to this language, it was said in *Railroad Company* v. *Koontz*, 104 U. S. 5:

"This was as far as it was necessary to go in that case, and in entering, as we did then, on the construction of the act of 1875, it was deemed advisable to confine our decision to the facts we then had before us."

In the latter case, it was determined that "if the petitioning party is kept by his adversary, and against his will, in the State court, and forced to a trial there on the merits, he may, after having obtained in the regular course of procedure a reversal of the judgment and an order for the allowance of the removal, enter the cause in the circuit court, notwithstanding the term of that court has gone by during which, under other circumstances, the record should have been entered."

In *National Steamship Co.* v. *Tugman*, 106 U. S. 118, it was ruled that upon the filing of the petition for removal, accompanied by a proper bond—the suit being removable under the statute—the jurisdiction of the federal court immediately attached in advance of the filing of a copy of the record; and whether that court should retain jurisdiction, or dismiss or remand the action because of the failure to file such a copy, was for it, not for the State court, to determine.

These cases abundantly sustain the proposition that the failure to file a copy of the record on or before the first day of the succeeding session of the federal court does not deprive that court of jurisdiction to proceed in the action, and that whether it should do so or not upon the filing of such copy is for it to determine. In this case it was undoubtedly within the sound legal discretion of the circuit court to proceed as if the copy had been filed within the time prescribed by statute. But clearly it had a like discretion to determine whether the reasons given for the failure to comply in that respect with the law were sufficient. We do not say that in the exercise of its discretion the court may not commit an error that would bring

its action under the reviewing power of this court. But since the question whether the cause should be remanded for failure to file the necessary copy in due time is one of law and fact, its determination to remand, for such a reason, should not be disturbed unless it clearly appears that the discretion with which the court is invested has been improperly exercised.

We perceive no ground to question the correctness of the order of May 28th, 1879, or to conclude that there was any abuse by the court of its discretion. The only reason given for the failure to file the transcript within proper time was inadvertence upon the part of counsel; in other words, the filing was overlooked. It is scarcely necessary to say that this did not constitute a sufficient legal reason for not complying with the statute. At any rate, the refusal of the court to accept it as satisfactory cannot be deemed erroneous.

But it is contended that the order of December 27th, 1879, remanding the cause, was erroneous, because the copy, upon the second petition for removal, was filed in the federal court within due time after that petition, with the accompanying bond, was presented in the State court. Assuming that the second petition for removal was filed before or at the term at which the cause could have been tried in the State court, we are of opinion that a party is not entitled, under existing laws, to file a second petition for the removal upon the same grounds, where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit, because of his failure to file the required copy within the time fixed by the statute. When the circuit court first remanded the cause—the order to that effect not being superseded—the State court was reinvested with jurisdiction, which could not be defeated by another removal upon the same grounds and by the same party. A different construction of the statute, as may be readily seen, might work injurious delays in the preparation and trial of causes.

*Judgment affirmed.*