## JOHNSTON *v.* DONVAN and another.

### (*Circuit Court, S. D. New York.* March 18, 1887.)

1. REMOVAL OF CAUSES—REMAND—SECOND REMOVAL—SAME GROUNDS.

   When a cause has been removed from a state court to the United States circuit court, and remanded on motion, because the petition for removal does not set up the diverse citizenship of the parties at the commencement of the suit as well as at the time of removal, a second removal on the same grounds is not allowable. The decision on the *motion to remand is conclusive*, except upon appeal.

2. SAME—APPEAL—STAY.

   Upon granting a motion to remand a cause to the state court, no stay is necessary for the purpose of an appeal other than that provided for by Rev. St. U. S. § 1007.

In Equity.

*Walter C. Gilson*, for plaintiff.

*George C. Holt*, for defendants.

WHEELER, J. This cause was removed from the state court to this court, on the ground that the parties were citizens of different states, by the defendants. On motion of the plaintiff it was remanded because the petition did not set forth the diverse citizenship of the parties at the commencement of the suit as well as at the time of removal. The defendants have now removed the cause again on the same ground. The plaintiff has moved to remand again, because, as he claims, a second removal on the same grounds is not allowable. The defendants insist that the former petition was so defective that it did not really effect a removal, and that, therefore, this is the only removal, and not a second removal. The former petition did, however, bring the cause into this court, and within its jurisdiction, so that a motion to remand was necessary. If the former motion to remand had not been made, this court would have properly retained the case. *Davies* v. *Lathrop*, 13 Fed. Rep. 565; *Edwards* v. *Connecticut Mut. Life Ins. Co.*, 20 Fed. Rep. 452. The former motion to remand was therefore properly before this court, and its decision upon it was conclusive, except upon appeal. The defendants' right of removal was involved upon such proceedings as the defendants chose to take that brought it in question. That right was adjudicated and settled, and could not again be brought in question upon new proceedings. *Railway Co.* v. *McLean*, 108 U. S. 212, 2 Sup.

Ct. Rep. 498. As the defendants had no right to try that right over again, this second removal was improper, and this motion to remand must be granted.

The defendants ask a stay of proceedings for 20 days to enable them to take an appeal if this motion is granted. No stay is thought to be necessary, however, for that purpose, other than that provided for by section 1007, Rev. St. U. S.

Motion granted.