## SMITH v. TRAVELERS' INS. CO.

### (Circuit Court, E. D. Pennsylvania. March 23, 1896.)

### No. 70.

REMOVAL OF CAUSES—AVERMENT OF JURISDICTIONAL FACTS—SECOND REMOVAL—DIVERSE CITIZENSHIP.

When a cause has once been removed from a state court to a United States court, and has been remanded, on motion, because the petition for removal does not sufficiently allege diverse citizenship of the parties at the commencement of the suit, as well as at the time of removal, a second removal on the same ground is not allowable. Johnston v. Donvan, 30 Fed. 395, followed.

Sur Motion to Remand.

At the beginning of this suit in the state court a statement of claim was filed on July 29, 1895, and a copy thereof was served on the defendant on the same day. Under the practice there, the defendant was obliged to file all pleas in abatement within 4 days from this time, and also an affidavit of defense within 15 days. The first petition for removal was filed on October 5, 1895, and, after the case had been removed to the circuit court, it was remanded for the want of the averment in the petition of proper facts to give jurisdiction. An affidavit of defense was then filed in the state court on February 3, 1896. The petition for removal under consideration was filed on February 8, 1896, and alleged that the suit was between citizens of different states; the plaintiff residing in Pennsylvania, and the defendant corporation being a citizen of Connecticut.

Joseph H. Taulane and Richard P. White, for plaintiff.

Frank P. Pritchard, for defendant.

ACHESON, Circuit Judge. In Railroad Co. v. McLean, 108 U. S. 212, 2 Sup. Ct. 498, the supreme court distinctly ruled that if, upon the first removal, the federal court declines to proceed, and remands the cause, because of the failure to file a copy of the record in due time, the same party is not entitled to file in the state court a second petition for removal, upon the same ground. In Johnston v. Donvan, 30 Fed. 395, this principle was applied to a second removal upon the ground of diverse citizenship. We feel constrained, then, to sustain this objection. Whether the other objections to the removal are well taken, need not be considered. The cause is remanded to the court of common pleas No. 1 of Philadelphia county.