**Guy Ray BROWN, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 17068.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 12, 1969.

———◆———

Charles D. Yarborough, Fort Worth, for appellant.

McDonald, Sanders, Wynn, Ginsburg, Phillips & Maddox, and John E. Chambers and Robert L. Patton, Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

This was a declaratory judgment action brought in 48th District Court by the insurance company against Cecil E. Watkins, Yvonne Cole and Guy Ray Brown. The insurance company had previously issued a liability policy to defendant, Cecil E. Watkins. The policy was in force on March 20, 1968, at the time a car being driven by defendant Yvonne Cole, collided with a car occupied and driven by defendant, Guy Ray Brown. On August 19, 1968, Guy Ray Brown brought suit in another district court against Yvonne Cole, seeking damages for personal injuries he says he sustained in the wreck. Yvonne Cole was a stepdaughter of Cecil E. Watkins. At the time of this wreck she was 17 years old and was a resident of Watkins' household. She would have liability coverage under the policy in question, unless such coverage has been rendered ineffective for some reason.

The insurance company filed an answer for Yvonne Cole in the suit brought against her by Brown. This was done under a non-waiver agreement with the insurance company expressly denying coverage.

After filing that answer the insurance company filed this suit for declaratory judgment. It contends here that it has no liability under the policy to Miss Cole or to any of the other defendants arising out of this wreck. The reason relied on is that Miss Cole, who was an omnibus insured under the policy, did not give written notice to the insurance company of her wreck with Brown's car as soon as practicable, as required by Condition 3 of the policy.

This suit was filed on January 27, 1969, in a Tarrant County District Court. The defendants, Watkins and Cole, filed their answers in this case on February 17, 1969, in that same Court. The defendant, Guy Ray Brown, filed his answer in this case on February 24, 1969, in the U. S. District Court. On March 13, 1969, the judge of the U. S. District Court signed its order saying that the case having been removed to the U. S. District Court, it was thereby remanded to the 48th District Court. This order was not filed in the Tarrant County District Clerk's Office until June 25, 1969. From the file marks appearing on the two answers above referred to, the case was apparently removed to the U.S. District Court sometime between February 17, 1969, and February 24, 1969, but the record does not show when this was done. On March 28, 1969, the plaintiff insurance company filed a motion for summary judgment in this case. On April 18, 1969 the defendant, Guy Ray Brown, filed in the trial court, through his attorney, an instrument designated as a response to plaintiff's motion for summary judgment and memorandum of law. On this same date an affidavit by Yvonne Cole was filed in opposition to the motion for summary judgment.

The motion for summary judgment was heard on April 18, 1969, and a summary

judgment was that day rendered in favor of the insurance company and against all defendants declaring that the company has no legal obligation of any kind to Yvonne Cole or to any other party claiming benefits under the policy involved arising out of the March 20, 1968 wreck between the cars drive by Yvonne Cole and Guy Ray Brown.

Only the defendant, Guy Ray Brown, has perfected an appeal to this court from the trial court's judgment. The other two defendants did not perfect appeals to this court.

By his first point appellant contends that the trial court erred in rendering the summary judgment on April 18, 1969, because at that time the case was still pending in the U. S. District Court and that the state court did not have jurisdiction of the case.

In this connection appellant contends that this case, after once having been moved to Federal Court, could not get back into the state court to where that court reacquired the power to conduct further proceedings in the case until such time as Rule 237–a Texas Rules of Civil Procedure had been complied with by the insurance company.

Rule 237–a of T. R. C. P. is as follows:

"When any cause is removed to the Federal Court and is afterwards remanded to the state court, the plaintiff shall file a certified copy of the order of remand with the clerk of the state court and shall forthwith give written notice of such filing to the attorneys of record for all adverse parties. All such adverse parties shall have fifteen days from the receipt of such notice within which to file an answer. Promulgated by order of July 20, 1954, effective Jan. 1, 1955."

The briefs of both parties admit that appellant filed in the state court a petition to remove the case to Federal Court together with his removal bond. Such petition and removal bond were omitted from the transcript.

Although the U. S. District Court's remand order was signed on March 13, 1969, the transcript does not show that a certified copy of it has ever to this date been filed in the trial court, as is required by said Rule 237–a. A copy of such order, which is not certified to, was filed in the trial court on June 25, 1969, which is well after the date of the summary judgment.

The transcript does not show one way or the other whether plaintiff insurance company ever gave Brown the notice called for by Rule 237–a, but in plaintiff's brief it admits that it gave no such notice to Brown. We therefore conclude for the purposes of this opinion that the insurance company has in no way complied with the provisions of Rule 237–a.

Appellant's first point is hereby overruled. The following authorities are to the effect that where a Federal Court to which a case has previously been removed from a state court remands the cause, its order of remand ipso facto terminates the jurisdiction of the Federal Court and that jurisdiction is thereby restored to the state court. See 54 C.J. 374, Sec. 338 [76 C.J. S. Removal of Causes § 298, p. 1142]; 50 Tex.Jur.2d 134, Sec. 45; Ausbrooks v. Western Union Telegraph Co., 282 F. 733 (D.C.1921); United States Pipe & Foundry Co. v. City of Waco, 100 S.W.2d 1099 at p. 1111 (Waco Tex.Civ.App., 1936, affirmed in 130 Tex. 126, 108 S.W.2d 432); and St. Paul & Chicago R. Co. v. McLean, 108 U.S. 212, 2 S.Ct. 498, 27 L.Ed. 703 (1883).

In this case the Federal Judge signed the remand order on March 13, 1969, and therefore the state trial court did at that time reacquire jurisdiction of the case and had such jurisdiction when he rendered the summary judgment on April 18, 1969.

We do not believe that Rule 237–a enters into a decision of this point. It was not adopted for the purpose of affecting the jurisdiction of either the state or Federal Court. Its purpose is to give to a defendant who has not previously filed an answer in the state court notice of the remand order and time after receipt of such notice in which to file an answer to keep from being defaulted. Nothing pertaining to such a problem is presented by this appeal.

■ Appellant's second point is that the trial judge erred in rendering summary judgment in this case because the two affidavits submitted in support of the motion were not in compliance with Rule 166–A(e) of T. R. C. P., in that neither states that it is made on personal knowledge and neither shows that the affiants were competent to testify to the matters therein stated.

None of these objections were made in the trial court and are being raised here on appeal for the first time.

The affidavits complained of did not affirmatively state that affiants were competent to testify or that same were made on the personal knowledge of affiant and in these respects did not comply with Rule 166–A(e), T. R. C. P.

This same question was raised and passed on in the case of Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex. Sup.Ct., 1962). The court there held that objections of this kind cannot be raised for the first time on appeal, when it fairly appears from the record that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The court held that the deficiencies that the appellant was there complaining of were purely formal and that it could be assumed that they would have been corrected upon proper exception in the trial court.

The case of Sims v. Citizens State Bank, 434 S.W.2d 210 (Houston Tex.Civ.App.,

1968, no writ hist.) makes the same holding.

As will be later demonstrated this court's opinion is that the record in this case fairly shows that there is no genuine issue as to any material fact and that the insurance company was entitled to summary judgment as a matter of law.

Appellant's second point is overruled.

■ By his third point appellant, Brown, contends that the trial court erred in not appointing a guardian ad litem for the minor defendant, Yvonne Cole, to represent her in the trial court proceedings.

The defendant, Yvonne Cole, was a minor at all times while the case was in the trial court. The trial court never at any time appointed a guardian ad litem to represent the minor in any of the trial court proceedings as is required by Rule 173, T. R. C. P., and proceeded to render summary judgment against the minor defendant, as well as against appellant, Brown, who was also a defendant in the trial court.

The minor defendant, Yvonne Cole, did not appeal, but Brown perfected an appeal and he claims here that the trial court's omission to appoint a guardian ad litem for the minor defendant, Cole constitutes error as to him for which the judgment must be reversed.

It is the law in Texas that a judgment procured against a minor who has no legal guardian and for whom the court has not appointed a guardian ad litem is voidable and can be set aside by the minor or by an authorized person acting in the minor's behalf. Kelly v. Kelly, 178 S.W. 686 (Galveston Tex.Civ.App., 1915, no writ hist.), and Jaynes v. Lee, 306 S.W.2d 182 (Texarkana Tex.Civ.App., 1957, no writ hist.).

A trial court's failure to appoint a guardian ad litem for a minor who does not have a lawful guardian affects only the interests of the minor and does not affect the rights of other parties to the judg-

ment and such a judgment is not void. Parr v. Parr, 207 S.W.2d 187 (Amarillo Tex.Civ.App., 1947, refused n. r. e.), and Austin v. First State Bank & Trust Co., 275 S.W. 156 (Waco Tex.Civ.App., 1925, writ dism.).

Since appellant is in no position to take advantage of the court's failure to appoint the guardian ad litem for the minor, his third point is overruled.

■ Appellant's fourth point says that the evidence presented at the summary judgment hearing only presented a fact question as to whether or not Yvonne Cole had given notice required by the policy "as soon as practicable." He says the learned trial judge therefore erred in rendering the summary judgment.

The record here and admissions in appellant's brief establish that appellant, Brown, sued defendant, Yvonne Cole, on August 19, 1968, in a Tarrant County District Court for damages for injuries sustained in the wreck in question, which wreck occurred on March 20, 1968. The citation in the case was served on Miss Cole on August 19, 1968. On August 21, 1968, Miss Cole and her mother went to the office of the insurance company's agent and delivered to the company the citation with petition attached that had been served on her. Miss Cole at that time filled out the claim report that is attached to the affidavit of Cleo Hill. Prior to August 20, 1968, no one at all had made any effort to give the insurance company the notice required by Condition No. 3 of the policy. The first notice that was received by the insurance company of the wreck between the Cole and Brown cars was thus received by the company 150 days after the day of the wreck. In argument on this appeal appellant's counsel stated that this was an agreed fact. Miss Cole was not the named insured in the policy in question. She was an omnibus insured by virtue of being a relative and member of the named insured's household at the time of the wreck. Miss Cole was 17 years old at the time of the wreck. She made affidavit that she knew that her stepfather had an insurance policy that covered her when she drove, but that she did not understand any of the provisions or conditions of such policy.

The notice provision appears as Condition No. 3 of the policy and reads as follows:

"3. Notice. In the event of an accident, occurrence or loss, written notice * * * shall be given by or for the insured to the company or any of its authorized agents as soon as practicable. * * *"

The purpose for inserting such provisions in this type policy is to give the insurance company prompt notice of the accident so they can make a timely investigation of it. 18 A.L.R.2d 451, Sec. 4.

Condition No. 6 of the policy is as follows:

"6. Action Against Company (Part I). No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, * * *."

The Supreme Court of Texas has held that giving such notice as is required by this policy is a condition precedent to liability on the part of the insurance company. Allen v. Western Alliance Insurance Co., 162 Tex. 572, 349 S.W.2d 590 (1961).

It also appears to be settled law that the phrase "as soon as practicable" as used in a notice clause such as we have here means within a reasonable time. A determination of whether or not notice is given as soon as practicable or within a reasonable time must be determined by a consideration of the facts and circumstances of each individual case. Central Surety & Insurance Corp. v. Anderson, 446 S.W.2d 897 (Fort Worth Tex.Civ.App., 1969), and National Surety Corporation v. Diggs, 272 S.W.2d 604 (Fort Worth Tex.Civ.App., 1954, ref. n.r.e.).

The following is from the opinion in Central Surety & Insurance Corp. v. Anderson, supra:

"In determining whether an additional insured has given notice within a reasonable time, all the circumstances are considered, including, but not confined to, age, experience, capacity for understanding and knowledge that coverage exists in one's favor."

The trial court sustained the summary judgment here on the grounds that as a matter of law the notice of the wreck given the insurance company by Miss Cole 150 days after the wreck happened was not given as soon as practicable.

In this case the only facts that the record reflects showing extenuating circumstances of any kind tending to justify or excuse the delay in not giving notice until 150 days had passed, are the facts that Miss Cole was 17 years old at the time of the wreck and her affidavit that she did not understand the provisions and conditions of the policy that she knew her stepfather had.

This court in the opinion in Central Surety & Insurance Corp. v. Anderson, supra, cites a group of cases involving the point that we have here.

The following is from that opinion (446 S.W.2d p. 901):

"The above cases, involving notice delays of 32 days to 2 years and 4 months respectively, make clear that an unexcused delay or delay because of a flimsy excuse entitles the insurance company to judgment as a matter of law since delays of that type violate the 'soon as practicable' provisions and are deemed as not having been reasonably given, and reasonable time depends on the facts and circumstances of each particular case."

From reading these cases it is clear that if Miss Cole had been an adult, the 150 day delay in giving notice that exists in this case under the record made here would entitle the insurance company to a judgment as a matter of law.

There is nothing in this case to indicate that Miss Cole was at the time of the wreck anything other than a normal 17 year old girl.

In Sheldon v. Bennett, 282 Mass. 240, 184 N.E. 722 (1933), a notice of a car wreck in which an omnibus insured was involved, given almost 5 months after the wreck, was held, as a matter of law not to have been given within a reasonable time or "as soon as practicable." There the named insured was the boy's father, and the omnibus insured who failed to give notice was a minor.

The following is from Appleman's Insurance Law and Practice, Vol. 8, p. 68, note 9: "And the insured's failure to read or remember the condition of the policy pertaining to notice, was not such * * * as would relieve the insured."

In this case the policy provision was in plain and unambiguous English and clearly stated that notice of the accident to the company was required from the insured as soon as practicable. Appellant admitted in his argument before this court that notice was not given until 150 days after the wreck. The record shows that Miss Cole knew of the existence of the policy in question and that it covered her.

We conclude that notice given after the lapse of 150 days after the date of the wreck was not given as soon as practicable or within a reasonable time as a matter of law. Appellant's fourth point is therefore overruled.

The appellant's fifth point is related to his fourth point and is overruled.

His sixth point is that the trial court erred in holding that the policy here imposed the duty of giving notice as soon as practicable on the omnibus insured, Miss

Cole. He says that this notice provision applied only to the named insured. We overrule this point.

The record reflects that the automobile being driven by Miss Cole at the time of the wreck was what the policy called a non-owned automobile. It did not belong to the named insured, Watkins, but belonged to a Mr. Fulton and Miss Cole was driving it with his consent at the time of the wreck.

Part I of the policy contains the definitions. It says " 'insured' means a person or organization described under 'Persons Insured' ".

The policy states:

"Persons Insured. The following are insureds under Part I:

"* * *

"(b) with respect to a non-owned automobile,

"* * *

"(2) any relative, but only with respect to a private passenger automobile * * * provided his actual operation * * * is with the permission * * * of the owner. * * *"

The policy defined "relative" as meaning a relative of the named insured who is a resident of the same household.

The policy then provides under Condition 3 that:

"Notice. In the event of an accident * * * written notice * * * shall be given by or for the insured. * * *"

We believe that a construction of the wording of the policy can lead to no reasonable conclusion other than that the policy in question did impose on the omnibus insured, Miss Cole, the duty of giving the insurance company the notice called for by Condition 3 of the policy.

Finding no reversible error in the record, we affirm the trial court's judgment.