Mark SIBILIA, Plaintiff,

v.

MAKITA CORPORATION, a foreign corporation; Makita Corporation of America, a foreign corporation; and Makita U.S.A., Inc., a foreign corporation, Defendants.

Case No. 8:09–CV–2324–T–30AEP.

United States District Court,
M.D. Florida,
Tampa Division.

Dec. 9, 2009.

Aldo Bolliger, Kurt D. Mitchell, Mitchell & Bolliger, PLLC, Tampa, FL, Bryan K. McLachlan, Bryan K. McLachlan, Esquire, Seminole, FL, for Plaintiff.

Frank D. Hosley, Kimberly E. Hosley, Seipp & Flick, LLP, Lake Mary, FL, for Defendant.

## ORDER

JAMES S. MOODY, JR., District Judge.

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand and Incorporated Memorandum of Law (Dkt. 10) and Defendant's Response in Opposition to same (Dkt. 11). The Court, having reviewed the motion, response, and being otherwise advised in the premises, finds that Plaintiff's Motion to Remand (Dkt. 10) should be granted.

## BACKGROUND

Plaintiff Mark Sibilia ("Plaintiff") originally filed this action in state court, alleging causes of action pursuant to Florida law for personal injuries suffered because of an alleged defective product manufactured and sold by Defendants (the "State Court Action"). On November 13, 2009, Defendant Makita U.S.A., Inc. ("Defendant") filed a Notice of Removal and removed the State Court Action to this Court. (Dkt. 1). On November 21, 2009, Plaintiff filed a Motion to Remand. (Dkt. 10). Plaintiff argues that remand is appropriate because Defendant failed to establish by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.

On December 7, 2009, Defendant filed its Response in opposition to Plaintiff's Motion to Remand. (Dkt. 11). Defendant argues that based on the nature of the injuries Plaintiff alleges in the complaint and the damages Plaintiff seeks for medical expenses, lost earnings, compensatory damages, and punitive damages, Plaintiff "seeks substantial damages that exceed the jurisdictional requirement of $75,000, exclusive of interests and costs." (Dkt. 11). As set forth in more detail below, the Court finds that Plaintiff's Motion to Remand must be granted because Defendant did not meet its burden of showing the requisite amount in controversy.

## DISCUSSION

■ Any civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). A removing defendant has the burden of establishing both federal jurisdiction and compliance with the procedures for removal set forth in 28 U.S.C. § 1446, as a matter of fact and law. *See Leonard v. Enterprise Rent A Car,* 279 F.3d 967, 972 (11th Cir.2002); *Perez v. AT & T Co.,* 139 F.3d 1368, 1373 (11th Cir.1998). Because removal is a statutory right it "should be construed strictly in favor of state court jurisdiction." *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *see also Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 411 (11th Cir.1999); *Perez,* 139 F.3d at 1373. In order for a federal court to have jurisdiction over a case pursuant to the diversity statute, the amount in controversy must exceed $75,000, exclusive of costs and interest, and complete diversity of citizenship must exist. *See* 28 U.S.C. § 1332.

After removal, a plaintiff may move to remand the action to state court pursuant to 28 U.S.C. § 1447(c). A motion to remand based on a removal defect other than lack of subject matter jurisdiction must be made within thirty (30) days after the filing of the notice of removal. 28 U.S.C. § 144(c). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

■ The Eleventh Circuit Court of Appeals clarified "how a district court must proceed in evaluating its jurisdiction after removal." *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1187 (11th Cir.2007).[1] In *Lowery,* the court held that "in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Id.* at 1208 (citing *Tapscott v. MS Dealer Serv.*

1. Although Lowery was decided in a Class Action Fairness Act ("CAFA") case, its holding is not limited to that context.

*Corp.*, 77 F.3d 1353, 1356–57 (11th Cir. 1996), *overruled on other grounds; Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir.2000)). The court then went on to explain that, under 28 U.S.C. § 1446(b), removal may be premised on either the plaintiff's initial pleading, such as a complaint, or "a copy of an amended pleading, motion, order or other paper." *Id.* at 1212–13. If, however, removal is based on a document other than the plaintiff's initial pleading, this document must have been supplied by the plaintiff. *Id.* at 1215, n. 63. The court then concluded that "in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal [the removing documents] unambiguously establish federal jurisdiction." *Id.* at 1213. The court cautioned that if the jurisdictional amount is not clear and unambiguous from the face of, or readily deducible from, the removing documents, then "the court must remand." *Id.* at 1211. Therefore, under the approach adopted in *Lowery*, jurisdiction "is either evident from the removing documents or remand is appropriate." *Id.* The defendant and the court may not speculate about the amount in controversy, nor should the district court's jurisdiction be "divined by looking to the stars." *Id.* at 1215.

 Defendant argues that the amount in controversy exceeds $75,000. Plaintiff argues that Defendant did not meet its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Accordingly, the only issue presented is the amount in controversy. The complaint alleges merely that the action exceeds the $15,000 jurisdictional limit of the state court. It appears that Plaintiff declined to stipulate that his damages are less than $75,000. Defendant contends that the severe nature of Plaintiff's injuries and the damages Plaintiff seeks make it clear that Plaintiff's damages exceed $75,000.

 As set forth herein, in *Lowery*, the Eleventh Circuit stated "that the removal-remand scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c) requires that a court review the propriety of removal on the basis of the removing documents. If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." 483 F.3d at 1211. The court added, "[t]hough the defendant in a diversity case, unlike the plaintiff, may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists." *Id.* at 1217. Consequently, when the plaintiff fails to specify damages, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *Id.* at 1208.

Defendant in this case has failed to make an adequate showing of the jurisdictional amount. Defendant relies on mere speculation based on the alleged severity of Plaintiff's injuries, Plaintiff's counsel's comments regarding the severity of Plaintiff's injuries,[2] and Plaintiff's failure to

---

2. Defendant states that during a telephone conference on October 29, 2009, Plaintiff's counsel stated that "Plaintiff had been cut through the chest by the grinder, with a saw blade attached to the grinder by Plaintiff, to the extent that three ribs were cut through, that he was cut by the grinder/saw blade also across the stomach area and leg, that his thumb was nearly severed, and that he has never been able to return to employment in the same capacity as he was prior to the accident and that in the future he will not be able to return to employment in the same capacity as he was prior to the accident." (Dkt. 11).

stipulate regarding the amount in controversy to demonstrate that the jurisdictional amount is satisfied. This is insufficient. The Eleventh Circuit has said that there are several reasons why a plaintiff would not stipulate to the amount in controversy, so that a refusal to stipulate, standing alone, does not satisfy a defendant's burden of proof. *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1320 (11th Cir.2001). The main case Defendant relies upon to support its argument that removal is appropriate, *Lee v. Altamil Corp.,* 457 F.Supp. 979 (M.D.Fla.1978), was decided prior to *Lowery,* which drastically changed the analysis of removal.

Simply put, "any attempt to engage in a preponderance of the evidence assessment at this juncture would necessarily amount to unabashed guesswork, and such specu-

lation is frowned upon." *Lowery,* 483 F.3d at 1210–11.[3] For the foregoing reasons, Defendant has failed to carry its burden of demonstrating the jurisdictional amount and Plaintiff's Motion to Remand must be granted.[4]

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Remand and Supporting Memorandum of Law (Dkt. 10) is hereby **GRANTED.**

2. The Clerk of this Court is directed to **REMAND** this case to the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida. The Clerk is also directed to forward a certified copy of this Order to that Court.

---

3. *See also Cruz v. Lowe's Home Ctrs., Inc.,* No. 8:09–cv–1030–T–30MAP, 2009 WL 2180489, *3 (M.D.Fla. July 21, 2009) ("Even though [d]efendant may have been able to calculate with some uncertainty the accrued damages to conclude that the jurisdictional minimum may have been exceeded, the case was not first removable under *Lowery* until [d]efendant had written notice *from [p]laintiff* that the damages exceeded $75,000.") (emphasis in original); *Lopez–Sanchez v. Bryant,* No. 8:09–cv–442–T–23MAP, 2009 WL 655272, *1 (M.D.Fla. Mar. 12, 2009) (defendant prematurely removed case "despite lacking any direct knowledge of the value of the plaintiff's claims" from the complaint and improperly "remove[d] based on [ ] speculation"); *Carswell v. Sears, Roebuck & Co.,* No. 2:06–cv–01098–WKW, 2007 WL 1697003, *1 (M.D.Ala. June 12, 2007) (holding complaint initially non-removable because the value of comparable tort claims and plaintiff's allegations of injuries and damages without alleging a specific amount in controversy were insufficient to satisfy the federal jurisdictional threshold and speculative).

4. Even though the Court submits that the description of the severity of Plaintiff's injuries sounds likely to result in damages that easily exceed $75,000, *Lowery* prevents the Court from applying any guesswork as to

whether the damages meet the jurisdictional amount. Notably, removal would be appropriate if Defendant had used an "other paper" under 28 U.S.C. § 1446(b) to establish the jurisdictional amount, such as Plaintiff's answers to requests for admissions regarding the jurisdictional amount, interrogatory responses regarding the amount of Plaintiff's damages, deposition testimony, or even medical bills or invoices establishing the amount of Plaintiff's damages. *See generally Buescher v. Falcon Mezzanine Partners, LP,* No. 7:07–cv–89(HL), 2008 WL 2130155, **2–4 (M.D.Ga. May 20, 2008) (applying *Lowery* to indeterminate complaint and holding that defendants "could have waited to file their notice of removal until discovery produced a document that proved the case was removable."); *Williams v. Wal–Mart Stores, Inc.,* 534 F.Supp.2d 1239, 1243–44 (M.D.Ala.2008) (discussing receipt of "other paper," such as responses to requests for admission, which clearly indicates the required factual basis for diversity jurisdiction); *Enterline v. Sears, Roebuck and Co.,* No. 2:08–cv–221–JES–DNF, 2008 WL 1766911, *3 (M.D.Fla. Apr. 15, 2008) (relying upon *Lowery* and holding that order deeming requests for admission regarding the amount in controversy admitted "was the first 'order or other paper' from which it could be ascertained that the case was removable").

3. The CLERK is directed to CLOSE this case and terminate any pending motions as moot.