**Mark SIBILIA, Plaintiff,**

v.

**MAKITA CORPORATION, et al., Defendants.**

**Case No. 8:10–cv–1515–T–27A.**

United States District Court, M.D. Florida, Tampa Division.

Oct. 28, 2010.

See also 674 F.Supp.2d 1290.

Aldo Bolliger, Bolliger Law Group, Tampa, FL, for Plaintiff.

Frank D. Hosley, Kimberly E. Hosley, Seipp & Flick, LLP, Lake Mary, FL, for Defendants.

### *ORDER*

JAMES S. MOODY, JR., District Judge.

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 9) and Defendant's Response to Plaintiff's Motion to Remand and Incorporated Memorandum of Law (Dkt. 10). The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

### *DISCUSSION*

Plaintiff Mark Sibilia ("Plaintiff") originally filed this action in state court, alleging causes of action pursuant to Florida law for personal injuries suffered because of an alleged defective product manufactured and sold by Defendants (the "State

Court Action"). On November 13, 2009, Defendant Makita U.S.A., Inc. ("Defendant") filed a notice of removal and removed the State Court Action to this Court (*see* 8:09–cv–2324–JSM–AEP; Dkt. 1). Plaintiff then moved to remand the case, arguing that remand was appropriate because Defendant failed to establish by a preponderance of the evidence that the amount in controversy exceeded $75,000. The Court agreed and remanded the case. *Id.* at Dkt. 12; 674 F.Supp.2d 1290 (M.D.Fla.2009). Notably, the Court stated in its order that "removal would be appropriate if Defendant had used an 'other paper' under 28 U.S.C. § 1446(b) to establish the jurisdictional amount, such as *Plaintiff's answers to requests for admissions* regarding the jurisdictional amount, interrogatory responses regarding the amount of Plaintiff's damages, deposition testimony, or even medical bills or invoices establishing the amount of Plaintiff's damages." *Id.* at n. 4 (emphasis added).

Back in the State Court Action, Defendant received Plaintiff's amended response to Defendant's request for admissions admitting that Plaintiff was seeking more than the requisite amount in controversy.[1] Specifically, Plaintiff admitted that he was seeking damages in excess of $75,000.[2]

Based on this amended response, Defendant filed a notice of removal for a second time and removed the State Court Action to this Court.

This issue is now before the Court on Plaintiff's motion to remand. Plaintiff argues that this case should be remanded because Defendant's second notice of removal amounts to a "de facto appeal or reconsideration" of the Court's first remand Order. The Court disagrees because the amended answer to the request for admission serves as a different factual basis supporting re-removal.

### DISCUSSION

■ As the Court noted in the first remand Order, the Eleventh Circuit Court of Appeals held in *Lowery v. Alabama Power Co.* that, under 28 U.S.C. § 1446(b), removal may be premised on either the plaintiff's initial pleading, such as a complaint, or "a copy of an amended pleading, motion, order or *other paper*." 483 F.3d 1184, 1212–13 (11th Cir.2007) (emphasis added).[3] Plaintiff, however, is correct that "a party is not entitled, under existing laws, to file a second petition for removal upon the same grounds, where, upon the first removal by the same party, the feder-

---

1. Initially, Plaintiff objected to the request for admission that his damages exceeded the amount in controversy. After the state court held a hearing on the issue and compelled Plaintiff to admit or deny the request for admission, Plaintiff amended his response and stated that he could neither admit nor deny the request for admission, so it was therefore denied. After another hearing on the issue, and a second order compelling Plaintiff to either admit or deny the request for admission, Plaintiff amended his response, yet again, and *admitted* that his damages exceeded the amount in controversy. Notably, Plaintiff's counsel acknowledged during the second hearing that he purposefully did not provide a response because he wanted to prevent Defendant from removing the case to federal court.

2. As the Court noted in its prior Order remanding the case, Plaintiff's injuries and damages stemmed from "having been cut through the chest by a grinder, with a saw blade attached to the grinder by Plaintiff, to the extent that three ribs were cut through, that he was cut by the grinder/saw blade also across the stomach area and leg, that his thumb was nearly severed, and that he has never been able to return to employment in the same capacity as he was prior to the accident and that in the future he will not be able to return to employment in the same capacity as he was prior to the accident." See 674 F.Supp.2d 1290 (M.D.Fla.2009).

3. Although Lowery was decided in a Class Action Fairness Act ("CAFA") case, its holding is not limited to that context.

 

al court declined to proceed and remanded the suit...." *St. Paul & C. Railway Co. v. McLean,* 108 U.S. 212, 217, 2 S.Ct. 498, 27 L.Ed. 703 (1883). But this language does not prevent successive removals provided that the subsequent removal petition alleges a different factual basis for seeking removal and otherwise meets the requirements of section 1446(b). *Sudduth v. Equitable Life Assur. Society,* No. 07–0436, 2007 WL 2460758, at *4 (S.D.Ala. Aug. 27, 2007) (holding that a deposition served as a source of "different factual basis" to support re-removal); *see also Benson v. SI Handling Syst., Inc.,* 188 F.3d 780, 783 (7th Cir.1999) (holding that disclosure in discovery that the damages exceeded the jurisdictional amount justified re-removal).

Thus, "section 1446(b) allows [a defendant] to file successive removals based on [a] different factual basis." *Sudduth,* 2007 WL 2460758, at *4. And this is precisely the situation here; Defendant's second removal is based on Plaintiff's amended response to the requests for admissions admitting the amount in controversy to establish federal court jurisdiction. This "other paper" was not available at the time of the first removal. Plaintiff's argument that Defendant's second removal is an inappropriate attempt to circumvent the Court's previous remand Order lacks merit. If the Court were to even entertain such an argument, it would reward Plaintiff for the gamesmanship he engaged in to circumvent federal court, which required two hearings in the State Court Action and two orders compelling him to admit or deny the request for admission before he finally admitted the amount in controversy was met. Such behavior should not be entertained, let alone rewarded. *See Devore v. Howmedica Osteonics Corp.,* 658 F.Supp.2d 1372, 1380 n. 13 (M.D.Fla.2009) (noting that the court "does not countenance such gamesmanship").

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Remand (Dkt. 9) is hereby DENIED.

2. Defendant's Motion to Strike (Dkt. 22) is hereby DENIED as moot.