[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15411
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 5, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-21505-PAS

LINDEL NELSON WATSON,

                                                        Plaintiff - Appellee,

versus

CARNIVAL CORPORATION,
d.b.a. Carnival Cruise Lines,

                                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 5, 2011)

Before EDMONDSON, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Carnival Corporation ("Carnival") appeals the district court's attorneys' fee award of $5,595 to Lindel Nelson Watson that followed Carnival's second attempt to remove Watson's lawsuit to federal court based on an arbitration provision in the parties' employment agreement (the "Seafarer's Agreement"). Because the district court did not abuse its discretion in granting Watson's motion for attorneys' fees, we affirm.

Watson was injured while working aboard one of Carnival's ships, and he filed suit against Carnival in Florida state court. He alleged Jones Act negligence, unseaworthiness, failure to provide maintenance and cure, failure to treat, and he sought unpaid wages and penalties under 46 U.S.C. § 10313. Carnival removed the case under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), and its codifying legislation, 9 U.S.C. § 201 *et seq*. Carnival attached a copy of the Seafarer's Agreement, which was signed by Watson and written in Spanish. Carnival alleged that the Seafarer's Agreement was an employment contract containing an arbitration provision, but Carnival did not provide a translation of it.

The district court ordered Carnival to file a certified translation of the Seafarer's Agreement, and it warned that failure to comply could result in remand. Carnival then filed a blank-form Seafarer's Agreement written in English, but it

filed no certification indicating that the blank English form was the same as the Spanish Seafarer's Agreement actually signed by Watson. The district court remanded, concluding that, after having months to comply with the court's order, Carnival failed to establish the existence of federal jurisdiction.

Carnival then filed a second notice of removal, again based on the arbitration provision included in the Seafarer's Agreement, and finally attached a certified English translation of the agreement. The district court granted Watson's motion for remand, concluding that Carnival's second notice of removal was untimely[1] and that Carnival should not have a second bite at the apple, particularly because it offered no new evidence supporting removal. Additionally, because Carnival had no basis for filing its second notice of removal, the district court awarded Watson $5,595 in attorneys' fees. Carnival appealed.[2]

---

[1] The Convention's removal provision provides, in pertinent part, "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement . . . the defendant . . . may, *at any time before the trial thereof*, remove such action or proceeding to the district court of the United States . . . ." 9 U.S.C. § 205 (emphasis added). However, we need not address this ground for the court's decision because the district court did not abuse its discretion in concluding that, without new supporting evidence, Carnival had no basis for filing its second notice of removal. See Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1433 n.9 (11th Cir. 1998).

[2] Carnival originally appealed both the district court's order of remand and its order awarding attorneys' fees. Watson moved this Court to dismiss Carnival's appeal, and we granted that motion in part and denied in part, finding that Carnival's notice of appeal was untimely as to the order of remand but that Carnival could proceed as to the order awarding attorneys' fees.

We review an award of attorneys' fees following remand for abuse of discretion. Bauknight v. Monroe Cnty., Fla., 446 F.3d 1327, 1329 (11th Cir. 2006). There is no presumption in favor of awarding fees; rather, courts may award attorneys' fees incurred as a result of a removal "'only where the removing party lacked an objectively reasonable basis for seeking removal.'" Id. (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 711 (2005)).

Once a case is remanded to state court, a defendant is precluded from seeking a second removal on the same ground.[3] See St. Paul & C. Ry. Co. v. McLean, 108 U.S. 212, 217, 2 S. Ct. 498, 500 (1883) ("[A] party is not entitled, under existing laws, to file a second petition for the removal upon the same grounds, where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit, because of his failure to file the required copy within the time fixed by the statute."). "The prohibition against removal 'on the same ground' does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the

_____

[3] Carnival's assertion on appeal that general rules governing removal of non-Convention cases do not apply here, could implicate *this* general rule. However, even assuming Carnival has "plainly and prominently" made such an argument before this Court, see United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) ("Under our caselaw, a party seeking to raise a claim or issue on appeal must plainly and prominently so indicate. Otherwise, the issue . . . will be considered abandoned."), we will not consider the issue here because Carnival did not raise it before the district court, see Walker v. Jones, 10 F.3d 1569, 1572 (11th Cir. 1994).

4

pleading or event that made the case removable." S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 492 (5th Cir. 1996); see also Fritzlen v. Boatmen's Bank, 212 U.S. 364, 372–74, 29 S. Ct. 366, 369–70 (1909). In other words, "'[a] defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition *when subsequent pleadings or events reveal a new and different ground for removal . . . .*'" S.W.S. Erectors, 72 F.3d at 493 (quoting One Sylvan Road N. Assocs. v. Lark Int'l, Ltd., 889 F. Supp. 60, 62 (D. Conn. 1995) (alteration in original)).

Carnival filed two notices of removal, and both of them were based on the inclusion of an arbitration provision in the Seafarer's Agreement. As proof of that arbitration provision, Carnival offered, in its first notice of removal, the original Seafarer's Agreement—written in Spanish—but failed to comply with the district court's order to submit a certified English translation. In its second notice of removal, Carnival finally offered a certified English translation of the Seafarer's Agreement as proof. But where Carnival's proof changed, its basis for removal—the arbitration provision—did not. There was no subsequent pleading or event that revealed a *new and different ground* for removal; therefore, the district court did not abuse its discretion in determining that Carnival had no objectively reasonable basis for seeking removal.

5

Accordingly, the district court's award of attorneys' fees is **AFFIRMED**.