# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3090

_____

City of Creve Coeur, Missouri, on behalf of
itself and all others similarly situated

*Plaintiff - Appellee*

v.

DirecTV LLC

*Defendant - Appellant*

DISH Network Corporation; DISH Network, L.L.C.

*Defendant*s

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 22, 2022
Filed: January 26, 2023

_____

Before LOKEN, BENTON, and KOBES, Circuit Judges.

_____

LOKEN, Circuit Judge.

A Missouri statute, the Video Services Providers Act ("VSPA"), allows local governments to impose fees on video service providers such as cable companies. See

Mo. Ann. Stat. § 67.2675. The statute predates the now-popular internet-based streaming services. DirecTV and Dish Network ("Defendants") provide video services in part through the Internet. The City of Creve Coeur filed this class action in Missouri state court on behalf of local government authorities, seeking a declaratory judgment that Defendants are liable under the VSPA and implementing local ordinances, plus injunctive relief, an accounting of unpaid fees, and damages. Defendants removed the action based on diversity jurisdiction and the Class Action Fairness Act (CAFA). See 28 U.S.C. §§ 1441(a), 1332(a), (d)(2). The district court[1] remanded the action to state court. After the state court entered an interlocutory order declaring that VSPA payments are fees, rather than taxes, DirecTV filed a second notice of removal, arguing this order established the required federal jurisdiction. The district court[2] granted Creve Coeur's motion to remand. City of Creve Couer v. DirecTV, LLC, No. 4-21-CV-0122-AGF, 2021 WL 3674065, at *2-5 (E.D. Mo. Aug. 17, 2021). DirecTV appeals. We affirm, though on somewhat different grounds.

After this action was filed, Defendants promptly removed in August 2018, claiming the district court had "original jurisdiction," § 1441(a), because there was § 1332(a) complete diversity, and § 1332(d)(2) diversity jurisdiction as expanded by CAFA. Creve Coeur moved to remand, arguing (i) defendants failed to demonstrate the jurisdictional prerequisites for removal, either complete diversity or CAFA diversity; (ii) the Tax Injunction Act (TIA), 28 U.S.C. § 1341, prohibited the court from exercising jurisdiction; and (iii) the doctrine of comity supported remand. The district court granted the motion and remanded based on the Supreme Court's decision in Levin v. Commerce Energy, Inc., 560 U.S. 413 (2010):

---

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

[2]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

Assuming *arguendo* that the jurisdictional requirements for removal under CAFA are satisfied, the Court nevertheless declines to exercise jurisdiction here pursuant to the reasoning of the Supreme Court in Levin . . . . [I]n addition to the principles evident in the doctrine of comity, the strong preference for the litigation of state tax issues in state courts rather than in federal courts is reflected in the TIA. Because the Court concludes the doctrine of comity justifies remanding the case to state court, it declines to rule on Defendants' separate pending motions to dismiss. See Levin . . . (reserving judgment on the TIA's application where comity precluded suit)."

City of Creve Coeur v. DIRECTV, LLC, 2019 WL 3604631, at *5 (E.D. Mo. Aug. 6, 2019) (cleaned up), leave to appeal denied, 2019 WL 7945996 (8th Cir. Sept. 12, 2019).

Back in state court, Defendants moved to dismiss, arguing in part that, under Missouri law, "VSPA fees [are] pure taxes," and therefore applying VSPA to streaming video service would violate the Hancock Amendment to the Missouri Constitution, which prohibits political subdivisions from levying taxes without prior voter approval. See Mo. Const. art. X, § 22. Plaintiff's January 2020 Consolidated Memorandum in Opposition countered that the Hancock Amendment does not apply "because the VSP fees are charged in exchange for a specific privilege enjoyed by Defendants - - the right to provide video programming through the public right-of-way." The state court's December 30, 2020 Order denying the motion to dismiss concluded that Defendants' Hancock Amendment argument "is not sufficiently persuasive to support a Motion to Dismiss" because "the legal standard at this stage dictates that the Plaintiff receives the benefit of the doubt in factual questions." The court noted that, "while the Plaintiff argues the Fee is not a tax to avoid the Hancock Amendment's application, the Plaintiff argued the opposite in order to escape federal jurisdiction."

No doubt spurred by this dicta, DirecTV returned to federal court, filing a second Notice of Removal on January 29, 2021.  The Notice argued the district court has diversity jurisdiction under CAFA and that a second removal is proper under 28 U.S.C. § 1446(b)(3).  In the first motion to remand, the Notice explained, Plaintiff "argued for the application of the TIA and comity-based abstention by characterizing the VSP fees as taxes. . . . The Court manifested its acceptance of Plaintiff's characterization of the VSP fees as common-law taxes through its numerous references to 'tax,' 'taxes,' 'taxation,' or the 'TIA' nearly two dozen times in the remand decision."  Therefore, when Plaintiff "changed course" after remand to avoid the Hancock Amendment, and the state court ruled that "VSP fees did not constitute common-law taxes, at least not as a matter of law," that Order for the first time made it "'unambiguously ascertainable' that the Creve Coeur action was removable despite any state-tax based comity concerns."

Though creative, the argument is without merit for multiple reasons.  First, the district court's above-quoted remand order plainly stated that the remand was based on comity principles as articulated in Levin, not on "state-tax based comity concerns."  Comity as a basis to remand was raised and fully argued in the first remand proceeding.  Federal courts have long precluded two bites at this apple.  "When the [district] court first remanded the cause . . . the state court was reinvested with jurisdiction, which could not be defeated by another removal upon the same grounds, and by the same party."  St. Paul & C. Ry. v. McLean, 108 U.S. 212, 217 (1883).

Second, the Supreme Court in Levin emphatically stated that the century-old comity doctrine is *not* limited to the state-tax-interference concerns that later led Congress to enact the TIA:

> [T]his Court wrote more than a century ago . . . that a proper reluctance
> to interfere by prevention with the fiscal operations of the state
> governments has caused us to refrain from so doing *in all cases* where

-4-

the Federal rights of the persons could otherwise be preserved unimpaired. . . . [A] proper reluctance to interfere by injunction with [state government] fiscal operations, require[s] that such relief should be denied *in every case* where the asserted federal right may be preserved without it.

* * * * *

Our post-[TIA] decisions . . . confirm the continuing sway of comity considerations, independent of the Act.

Levin, 560 U.S. at 422-23 (emphasis added; cleaned up); see DIRECTV, Inc. v. Tolson, 513 F.3d 119, 125 (4th Cir. 2008). Indeed, as the district court noted, in Levin the Court concluded that because "the comity doctrine justifies dismissal of respondents' federal court action, we need not decide whether the TIA would itself block the suit." Id. at 432.

Third, the state court's December 2020 Order addressed, preliminarily, only the VSPA fee-or-tax issue under state law. It did not address the broader considerations comity addresses, as confirmed in Levin -- "fiscal operations," not just tax collection. The state court order in no way overruled or even undermined the basis for the district court's first remand order. Therefore, DirecTV failed to establish the essential basis for a second removal under 28 U.S.C. § 1446(b)(3) -- an "order or other paper from which it may *first be ascertained* that the case is one which is or has become removable" (emphasis added). A second removal under § 1446(b)(3) requires a "different factual basis" underlying a new theory for removal. S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 493 (5th Cir. 1996). Whatever else may be ascertained from the state court's December 2020 Order, it did not affect removability.

"[T]he party seeking removal has the burden to establish federal subject matter jurisdiction." Baker v. Martin Marietta Materials, Inc., 745 F.3d 919, 923 (8th Cir. 2014). For the foregoing reasons, we conclude DirecTV failed to meet that burden.

-5-

Accordingly, we need not consider the other issues addressed by the district court. Nor do we express any view as to the merits of Creve Coeur's class action claims. See City of Ashdown v. Netflix, Inc., 52 F.4th 1025 (8th Cir. Nov. 8, 2022), a putative class action under the Arkansas Video Service Act of 2013.

_____